# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| FRANCISCO ZAVALA, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 08-3104-CV-S-RED-H |
| UNITED STATES ATTORNEY | ) |
| GENERAL, et al., | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation, it must be recommended that the motion for habeas corpus relief be denied.

As grounds for relief in habeas corpus, petitioner alleges that respondent has exhibited a deliberate indifference to his serious medical needs by denying him a kidney transplant.

After a Show Cause Order was entered, the United States filed its response. Thereafter, petitioner filed a traverse in which he reasserted the allegations of his original petition. Additionally, he filed a supplement to the traverse, in which he listed individuals who have offered to donate a kidney to him.

Having fully reviewed the record in this case, the Court finds that petitioner has failed to establish a constitutional violation due to a denial of serious medical care. Estelle v. Gamble, 429 U.S. 97, 106, reh'g denied, 429 U.S. 1966 (1976); Farmer v. Brennan, 511 U.S. 825 (1994). The

record indicates that petitioner, who suffers from end-stage renal disease secondary to polycystic kidney disease, is currently maintained on hemodialysis three times per week. He has been evaluated for a kidney transplant, which evaluation included a psychological assessment to determine if he would be a candidate for transplantation. As part of the psychological consultation, it was noted that petitioner is "considered to be very compliant with dialysis treatment and related issues." [Government's Exhibit 4, at 6]. The forensic psychologist noted, however, that petitioner has a history of substance abuse, and that he "said he intends to resume marijuana use after his release." [Id.]. It was also noted that he has a history of discontinuing the use of hypertension medication for brief times in the past when he knew he was going to "party." [Id.]. Dr. Denney then observed that it was surprising that petitioner would mention plans to use marijuana when he "fully understood the purpose of the evaluation." [Id.]. The doctor noted that petitioner had some insight regarding the negative effects of mixing alcohol, drugs, and medication, "but it also reveals a willingness to jeopardize his health simply for entertainment." [Id.]. Therefore, while the psychologist concluded that there "are no relative or absolute contraindications for renal transplant. . .his voiced intentions regarding ongoing marijuana use after his release is a serious red-flag in terms of the appropriateness of [him] receiving a renal transplant. He would likely remain very compliant during the remaining portion of his incarceration, but disregard his health after release in 2013." [Id.].

Petitioner's name was among a list of individuals sent from the Medical Center to be considered for a kidney transplant. The Transplant Advisory Group concluded that petitioner "is not an appropriate candidate for renal transplantation because of his self-stated commitment to continue using marijuana." [Government Exhibit 5, Memorandum for Marty C. Anderson, Warden, USMCFP Springfield, from Assistant Director Health Services Division, U.S. Department of Justice, at 10].

That opinion relied on the psychological consultation, which was part of the evaluation for a kidney transplant. In the consultation, Dr. Patel from the Medical Center indicated that petitioner was informed of the purpose of the evaluation, and understood that a report would be sent to the BOP Central Office, as part of an overall package addressing his need for a kidney transplant. Dr. Patel stated that petitioner indicated that he understood this, and that he agreed to complete the evaluation. [Respondent's Exhibit 4]. Given the fact that petitioner's need for a kidney transplant was evaluated, it cannot be said that the treatment he has received has fallen below constitutional standards, even though his request was denied.

Petitioner argues in the traverse that he did not make a statement that he would not stop abusing marijuana. He states that "*if marijuana were not harmful to him*, he would smoke marijuana after release from prison. However, [he] acknowledges that marijuana use would be harmful to him and states that he has no intention to smoke marijuana when released from prison." [Traverse, at 2]. Despite petitioner's after-the-fact protestations regarding his comments about marijuana use, the doctor who examined him did not endorse him as a suitable candidate for a transplant. Additionally, although he has provided a letter from Dr. Dana Shires, Chairman of the Board/Chief Executive Officer, LifeLink Foundation, Inc., in which it is stated that upon record review, it is her opinion that "this individual *should* be an acceptable candidate for a renal transplant," [Petitioner's Exhibit 1][emphasis added], this opinion was qualified by the need for further immunological evaluation. It does not support the conclusion that continuing him on dialysis constitutes deliberate indifference to his serious medical needs. Barron v. Keohane, 216 F.3d 692, 693 (8th Cir. 2000). By the same token, the statistics offered by petitioner from Dr. Shires regarding the life expectancy of an individual with a transplant being twice as long as that of someone continued on dialysis, are insufficient to support a conclusion that his current treatment at the Medical Center constitutes

deliberate indifference to his serious medical needs. Because a review of the record establishes that petitioner has successfully been maintained on hemodialysis, there is nothing in the record to indicate that continuing dialysis treatment is contraindicated. The Court finds, therefore, that petitioner has failed to state a constitutional violation of deliberate indifference to his serious medical needs. The Court is without the discretion to second-guess the opinions rendered by medical experts where there has been, as in the instant case, significant medical attention. <u>Noll v. Petrovsky,</u> 828 F.2d 461, 462 (8th Cir. 1987).

Because petitioner has failed to establish that he has suffered a constitutional violation in this case, it must be recommended that the petition herein for a writ of habeas corpus be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be dismissed without prejudice.

/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate

Date: 10/21/09